Dear Mr. Hebert:
This office is in receipt of your request for an Attorney General's opinion on behalf of the Allen Parish Ward 5 Recreation District (the "District"). Apparently, the District is considering entering into a cooperative endeavor agreement with the Allen Parish Health Enrichment Network ("THEN"), a non-profit 501(c)(3) corporation, to provide recreational activities for the District's senior citizens.
According to your correspondence, the seminal project of THEN is a covered pool recreational facility to be built in Oakdale (we assume that the covered pool will be located within the boundaries of the District), specifically to provide year round recreational activities for senior citizens. THEN recognizes that senior citizens face unique challenges for safe recreation, and that aquatic buoyancy takes stress off of fragile joints while allowing senior citizens to enjoy the emotional and physical benefits of a cardiovascular workout, and would like to provide seniors with year-round recreational programs. The District would like to enter into an agreement with THEN to offer a year-round Senior Citizens Water Aerobics Program at THEN's covered pool facility. The District would pay THEN an annual fee of $7,500.00 for use of the pool and THEN would provide supervision and instruction for the programs, which would be open to the public free of charge. Specifically, you have requested the opinion of this office regarding the legality of such an arrangement.
Implicitly, your request must be addressed in light of La. Const. Art. VII, Sec. 14, which prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private." Art. VII, Sec. 14(C) pertinently provides:
 "Cooperative endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983). However, in Guste v. Nicholls CollegeFoundation, 564 So.2d 682 (La. 1990), a transfer of public funds by the Nichols State University Alumni Federation to the Nicholls College Foundation was held to be given and accepted "under the authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or statutory duties" and were accepted by the Foundation, "assumedly a non-public body (a non-profit corporation) with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education."
Based upon the foregoing, it is the opinion of this office that as long as the District has determined the amount of $7,500 to be a fair expenditure in light of the services its citizens will receive, it can enter into a cooperative endeavor agreement of the sort you have described. Such an arrangement will serve the purpose of providing the District's senior citizens with appropriate recreational activities. Clearly, the interests of the District in the provision of recreational facilities and opportunities to its citizens are met by entering into an arrangement such as the one outlined above. In accord: Attorney General's Opinions Nos. 96-202; 96-185; 95-5.
We trust the foregoing to be of assistance to you, and to the Allen Parish Ward 5 Recreation District. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
 Yours very truly, RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RELEASED: August 9, 2001